**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER RE: PAYMENT FOR** |
| Plaintiff, | ) | **PSYCHOLOGICAL EXAMINATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Raymond Azure, | ) | Case No. 4:03-cr-016 |
| | ) | |
| Defendant. | ) | |

_____

The Court was presented with a Criminal Justice Act ("CJA") voucher for the payment of the costs associated with the May 2007 psychological examination of the Defendant, and the costs associated with Dr. Robert Gulkin's testimony at the June 1, 2007, dangerousness hearing held pursuant to 18 U.S.C. § 4246(c). After an initial review of the voucher, the Court determined that CJA funds were not available for such payment, and the voucher was forwarded to the Government for payment. In response, the Government objected to bearing the responsibility for these costs.

This is not the first time the issue of payment for examinations has arisen in this matter. On October 22, 2004, the Defendant filed a Motion for an Additional Psychological Examination, pursuant to 18 U.S.C. § 4247(b) and selected Dr. Robert Gulkin to perform the assessment. At that time, the Government did not oppose the additional examination but asserted that the costs associated with such an examination should be paid for with CJA funds.

On October 29, 2004, after reviewing the Judicial Conference Guidelines authorizing the use of CJA funds, the Court determined that the Criminal Justice Act did not authorize the use of CJA funds in that instance and found that the Department of Justice was responsible for funding such an examination. See Docket No. 67.

Over two years passed between the Court's order of October 29, 2004, and the Dangerousness Hearing held on June 1, 2007.  Prior to the June 1, 2007, hearing, the Defendant's counsel sought an updated examination of the Defendant.  No formal motion to the effect was filed and, thus, no formal objections were filed.  Nevertheless, the Court finds the lack of any formal request for an additional psychological examination does not change the Court's view of the necessity of an updated evaluation. Even if the Court had been presented with a formal request for an additional evaluation, the Court would have granted such a request due to the passage of time between the initial evaluation in 2004 and the subsequent evaluation in 2007.

As to the payment for such an evaluation, the Guide to Judiciary Policies and Procedures, Volume 7, Section 3.11B, regarding "Source of Payment" sets forth the following:

> CJA funds are used to pay for psychiatric and related services obtained in accordance with subsection (e) of the CJA upon a determination that the services are "necessary for an adequate defense." These are "defense" services, where the defendant selects the expert and controls the disclosure of the expert's report. It is important to note that psychiatrists and related experts may be used in many circumstances in which payment is made from a source other than the CJA appropriation. In these situations the court or the government selects the expert and persons other than the defendant also have access to the expert's report. The Department of Justice (DOJ) generally pays for these "non-defense" services. The chart on pages 8 and 9 of this chapter summarizes payment responsibility for the various circumstances in which psychiatric and related services are utilized.

See the Guide to Judiciary Policies and Procedures, Volume 7, Section 3.11B.  The Summary Chart of Responsibility for Payment of Psychiatric and Related Expert Services includes the following information:

2

| Type of Service | CJA | DOJ |
|---|---|---|
| 7.  To determine mental condition of hospitalized person due for release, under § 4246 | | |
| a.   Examination costs | | Yes, including costs of additional examiner selected by hospitalized person in accordance with § 4247(b) |
| b.  Testimony costs for examiner if called at hearing | | Yes, regardless of which party calls, including additional examiner selected by hospitalized person in accordance with § 4247(b) |

See Guide to Judiciary Policies and Procedures, Volume 7, Section 3.11B; Summary Chart of Responsibility for Payment of Psychiatric and Related Expert Service.

After reviewing the Guide and the related summary chart, the Court finds that the services in question were "non-defense" services.  There is no question that the both parties had access to the expert's report, and that the report was prepared for use regarding a "dangerousness" determination pursuant to 18 U.S.C. § 4246.  Although the Defendant selected the expert, the summary chart specifically notes that the Department of Justice is responsible for such payments even when the Defendant selects the expert.  Thus, the responsibility for funding such an examination lies with the Department of Justice.

The Court directs the Clerk of Court to provide the Government with a paper copy of this order as well as the billing statement from Dr. Gulkin of Consultation and Psychological Services. The Clerk of Court is also directed to provide Dr. Gulkin with a copy of this order.

**IT IS SO ORDERED**.

Dated this 21st day of August, 2007.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court